# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRY L. MCCUE,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>SHAWN KHORRAMI, BAHAR DEJBAN, LAW OFFICES OF SHAWN KHORRAMI.<br>　　　　　　　Defendants. | Case No. 15cv1092 BTM(KSC)<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT** |

　　　　On May 14, 2015, Plaintiff Garry L. McCue ("Plaintiff") filed a Complaint and Motion for Leave to Proceed *in forma pauperis* ("IFP Motion"). In an order filed on May 20, 2015, the Court granted Plaintiff's IFP Motion but dismissed the Complaint for lack of subject matter jurisdiction. The Court granted Plaintiff leave to file an amended complaint. On May 29, 2015, Plaintiff filed a First Amended Complaint ("FAC").

　　　　The Court is under a continuing duty to dismiss an IFP case whenever the Court determines that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Under Federal Rule of Civil Procedure 8(a)(2), a well pled complaint must contain "a short and plain

statement of the claim showing that the pleader is entitled to relief." Although detailed factual allegations are not required, factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007). "A plaintiff's obligation to prove the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] that the pleader is entitled to relief." Ashcroft v. Iqbal, 565 U.S. 662, 679 (2009). Only a complaint that states a plausible claim for relief will survive a motion to dismiss. Id.

The Court has reviewed the FAC and dismisses it for failure to state a claim on which relief can be granted. While Plaintiff attempts to invoke the Court's original jurisdiction by citing to 42 U.S.C. § 2000d, the FAC fails to plead comprehensible facts sufficient to support a discrimination claim against any of the Defendants. The FAC is comprised of a cover page listing various statutes and chronicling communications from Plaintiff's medical doctors and former attorneys (Doc. 4.) Neither the FAC's sparse allegations nor any of the appended documents support a claim of discrimination based on Plaintiff's age, race or color.

For these reasons, Plaintiff's FAC is **DISMISSED** with leave to file a second amended complaint on or before July 3, 2015.

**IT IS SO ORDERED.**

DATED: June 12, 2015

*/s/ Barry Ted Moskowitz*
BARRY TED MOSKOWITZ, Chief Judge
United States District Court